UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WEST COAST 2014-7, LLC,

                      Plaintiff,

  -against-

RAJKUMARIE CHANDIPERSAUD and KASA LITHUANIAN FEDERAL CREDIT UNION,

                      Defendants.
------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
21-cv-4314 (EK)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract and real estate foreclosure action, on referral from the Honorable Eric R. Komitee for Report and Recommendation, is Plaintiff West Coast 2014-7, LLC's ("Plaintiff" or "West Coast") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and a judgment of foreclosure and sale pursuant to Section 1351 of the New York Real Property Actions and Proceedings Law ("RPAPL"). *See* Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [13].

By way of Complaint dated August 2, 2021, Plaintiff commenced this action against Defendants Rajkumarie Chandipersaud ("Chandipersaud") and KASA Lithuanian Federal Credit Union ("KASA," and together with Chandipersaud, "Defendants") alleging that Chandipersaud failed to repay the note secured by the property at issue, 104 Elmont Road, Valley Stream, NY 11580 ("the Property"), and seeking to foreclose on the mortgage secured by the Property. *See* Complaint

1

("Compl."), DE [1]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

## I. BACKGROUND

### A. Facts

All relevant facts are taken from the Complaint, pleadings, affidavits, and exhibits. Plaintiff West Coast is a California limited liability company with its principal place of business in Huntington Beach, California. *See* Compl. ¶ 2. Plaintiff's members are citizens of California and Colorado. *Id.* Defendant Chandipersaud is a New York resident while KASA[1] is a national credit union with its principal place of business in Richmond Hill, New York. *Id.* at ¶¶ 3-4.

On or about December 23, 2004, Chandipersaud obtained a mortgage loan from Netbank ("Netbank") in the original amount of $66,000, memorialized in a note (the "Note") and secured by a mortgage (the "Mortgage") on the same date, on the Property, which were properly recorded with the Nassau County Clerk's Office on January 20, 2005, "whereby [Chandipersaud] promised to pay the sum of $66,000.00 plus interest on the unpaid amount due." *See* DE [13-4] at 5-19 (Mortgage), 22-24 (Note). The Mortgage was assigned multiple times as follows:

- From Netbank to U.S. Bank National Association ("U.S. Bank") on July 16, 2012;

- From U.S. Bank to West Coast Realty Services, Inc. ("West Coast Realty") on September 17, 2020;

---

[1] Apart from noting that KASA "is the holder of a Mortgage lien against the premises, which is adverse to the interest of Plaintiff[,]" Compl. ¶ 4, and is a necessary party pursuant to Article 15 of the RPAPL, KASA is not mentioned in any of West Coast's motion papers.

2

- From West Coast Realty to West Coast Servicing, Inc. ("West Coast Servicing") on October 26, 2020; and

- From West Coast Servicing to Plaintiff on June 28, 2021.

*See id.* at ¶ 10(a)-(d). Each transfer was properly recorded with the Nassau County Clerk's Office. *Id.* According to Plaintiff, Chandipersaud defaulted in repayment of the Note and Mortgage because she "failed to make the Monthly Payments due on August 1, 2015 and the default continues to date." *Id.* at ¶ 13. Plaintiff subsequently mailed a notice of default to Chandipersaud at the Property, via first-class mail. *See id.* at ¶ 13. Pursuant to RPAPL § 1304, West Coast mailed a pre-foreclosure notice to Chandipersaud on or about April 1, 2021 and listed more than five housing counseling agencies with that notice. *Id.* at ¶ 14. On April 1, 2021, Plaintiff electronically filed notice with the Superintendent of Financial Services on as required by RPAPL § 1306(2) and confirmation number NYS5400819 was issued. *Id.*

### B. Procedural History

West Coast commenced this action against Defendants on August 2, 2021. *See* Compl. The Complaint – seeking declaratory, compensatory, punitive, and equitable relief – alleges that Chandipersaud failed to repay the Note secured by the Property, and that Plaintiff is entitled to foreclose on the associated mortgage. *See id.*

On November 22, 2021, West Coast filed its motion for default judgment pursuant to Fed. R. Civ. P. 55, and a motion for a judgment of foreclosure and sale pursuant to RPAPL § 1351 against both Defendants, *see* Pl. Mot., which Judge Komitee referred to this Court the next day for a report and recommendation as to whether Plaintiff's Motion should be granted, and if so, to determine the appropriate

3

remedies. *See* November 23, 2021 Electronic Order. For the reasons set forth herein, it is respectfully recommended that Plaintiffs' Motion be granted in part and denied in part, and that West Coast be awarded the relief described below.

## II.     LEGAL STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the

court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. Jun. 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

### III. DISCUSSION

The Complaint alleges that Chandipersaud failed to make payments in accordance with the terms of the Note and Mortgage, leaving a principal balance of $61,705.75 due and owing, at an interest rate of 6.75 percent accruing from July 1, 2015, along with the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. Compl. ¶ 20. As to relief, West Coast specifically demands: (a) judgment accelerating the maturity of the debt and determining the amount due for Plaintiff, including the costs discussed below; (b) a referee be appointed to sell the Property at auction to the highest bidder, in accordance with RPAPL Article 13; (c) the interest of Defendants and all those claiming by or through them be foreclosed, and their title, right, claim, lien, interest or equity of redemption to the property be forever extinguished; (d) West Coast be paid out of the sale proceeds the amounts due for principal, interest, late charges, and taxes of the Property, as well as similar

charges and costs, allowances, expenses of sale and reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with RPAPL Article 13; (e) the Property be sold in its condition, subject to the facts an inspection or accurate survey of the Property would disclose; (f) Plaintiff may purchase the property at the sale; (g) a receiver be appointed for the Property, if requested by West Coast; (h) a deficiency judgment against Chandipersaud for the amount remaining due after the distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, if requested by Plaintiff; and (i) that any other liens West Coast possesses against the Property not merge with the Mortgage being foreclosed and that Plaintiff be allowed to share in any surplus proceeds resulting from the sale. *Id.* at ¶¶ 20-22.

On September 13, 2021, after the time for Defendants to appear or otherwise defend this action passed, Plaintiff requested Certificate of Defaults against them, *see* DEs [8], [11], and the Clerk of the Court entered defaults against Chandipersaud and KASA on September 16, 2021 and October 19, 2021, respectively. *See* DEs [9], [12]. Applying the standards outlined above, and for the reasons set forth below, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

### A. Default Judgment Against Chandipersaud and KASA

#### 1. RPAPL § 1304 Notice

Before discussing whether default judgment against Defendants is warranted in this case, the Court must address a threshold issue regarding statutory notice. The Court finds that the pre-foreclosure notices attached to Plaintiff's Affidavit of Mailing

6

("Mailing Aff."), DE [1-1] at 50-60, are sufficient to establish compliance with RPAPL § 1304 for purposes of the present default proceeding.

New York RPAPL § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower...such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id.* §§ 1304(1)-(2).

The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 910, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 119 N.Y.S.3d 419 (2020). A plaintiff-lender can demonstrate compliance with RPAPL § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 22, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). Proof of a standard office

mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 830, 414 N.Y.S.2d 117, 118 (1978)).

In answering the questions certified by the *Schiffman* court, the New York Court of Appeals recently held that a mortgagor may only rebut the presumption that RPAPL § 1304 notice was received by furnishing "proof of a material deviation from an aspect of the office procedure that would call into doubt whether the notice was properly mailed, impacting the likelihood of delivery to the intended recipient[,]" such "that the inference that the notice was properly prepared and mailed is significantly undermined. Minor deviations of little consequence are insufficient." *CIT Bank N.A. v. Schiffman*, No. 11, 2021 WL 1177940, at *3 (Mar. 30, 2021).

Applying these standards, the Court finds that West Coast has provided documentation of pre-foreclosure notices in its Complaint which conform to the statutory notice format provided under RPAPL § 1304(1). *See* Mailing Aff. at 50-51, 54-56. In addition to the statutory notice, Plaintiff submitted U.S. Postal Service Certified Mail receipts. *See id.* at 52-53, 57-58. The notices of default were addressed to Chandipersaud, and the accompanying mail receipts indicate that the notices were mailed to both her last known addresses, as well as the Property. *Id.* Defendants have not rebutted the presumption of receipt of RPAPL § 1304 notice because they have not opposed Plaintiff's Motion. Accordingly, the Court finds that West Coast

8

has established its compliance with RPAPL § 1304 for purposes of the present default proceeding.

### 2. RPAPL § 1306 Notice

This Court further finds that Plaintiff has demonstrated its compliance with RPAPL § 1306, which requires that a "lender, assignee or mortgage loan servicer...file with the superintendent of financial services...within three days of mailing of the [§ 1306 notice]...the information required by subdivision two of this section." RPAPL § 1306(1). RPAPL § 1306(2) mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." RPAPL § 1306(2). Upon review of the Proof of Filing Statements issued by the New York State Department of Financial Services attached to the Mailing Affidavit, the Court finds that Plaintiff has satisfied this filing requirement, as required under RPAPL § 1306 as well. *See* Mailing Aff. at 60.

### 3. Liability as to Chandipersaud

West Coast names Chandipersaud as the defendant-mortgagor in its Complaint. Compl. ¶ 3. As set forth above, to show a defaulting mortgagor's liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default. *See United States v. Estate of Callard*, No. 11-cv-4819, 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2012 WL 2674668, at *3 (E.D.N.Y. Jul. 5, 2012)), *report and recommendation adopted*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017). "If those

9

elements are established, the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-cv-3310, 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted).

Here, Plaintiff has made an adequate showing of the first two elements by producing a valid mortgage and note. *See* Mortgage & Note. Additionally, West Coast has shown default on the loan obligations by establishing a failure to pay off the Note and providing the Mailing Affidavit and exhibits annexed thereto and the Affidavit of Statement of Damages, submitted by Plaintiff's Vice President of Operations, Glenn Ohno. *See* Mailing Aff.; Affidavit of Statement of Damages ("Ohno Aff."), DE [13-6] at ¶¶ 5-7; *Brito*, 2020 WL 7699950, at *5; *W. Coast 2014-7, LLC v. Hamilton*, No. 17-cv-3918, 2018 WL 6251353, at *2 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 Fed. App'x 30, 32 (2d Cir. 2012). Accordingly, the Court recommends that default judgment be entered against Defendant Chandipersaud.

**4. Liability as to KASA**

Plaintiff also names KASA as a defendant because it is "the holder of a Mortgage lien against [the Property], which is adverse to the interest of Plaintiff." Compl. ¶ 4.

Courts regularly enter default judgment in foreclosure actions against defendants with "nominal interests" in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest. *See, e.g., E. Sav. Bank, FSB v.*

10

*Beach*, No. 13-cv-341, 2014 WL 923151, at *8 (E.D.N.Y. Mar. 10, 2014); *see also E. Sav. Bank, FSB v. Strez*, No. 11-cv-1543, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the "holder of a subordinate lien on the premises" who failed to respond to the complaint). When default judgment is entered against a defendant with a "nominal interest" in a property, that defendant's interest in the relevant property is terminated. *See E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2013 WL 3282889, at *2 (E.D.N.Y. Jun. 27, 2013) (foreclosing the interests of a defaulting defendant who held "a subordinate second mortgage on the premises"); *Bank of Am., N.A. v. 3302 Atl., LLC*, No. 10-cv-2504, 2012 WL 2529196, at *14 (E.D.N.Y. Jun. 29, 2012) (collecting cases).

RPAPL § 1311 provides that "the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-cv-5204, 2012 WL 2529196, at *14 (E.D.N.Y. Jun. 23, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule derives from the underlying objective of foreclosure actions – to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.* (internal citation and quotation marks omitted).

To establish liability as to a non-mortgagor defendant, a plaintiff must allege "nominal liability – that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-cv-6311, 2019 WL

11

2233828, at *7 (E.D.N.Y. May 22, 2019) (citation and quotations marks omitted); *Gustavia Home, LLC v. Lawrence*, No. 16-cv-4010, 2017 WL 4404434, at *4 (E.D.N.Y. Jun. 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.'") (citation omitted).

Here, the Complaint contains well-pleaded allegations of nominal liability against the non-mortgagor Defendant KASA. *See* Compl. ¶ 4; *see also E. Sav. Bank, FSB v. Robinson et al.,* No. 13-cv-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *adopted by* 2016 WL 3102021 (E.D.N.Y. Jun. 2, 2016) (allegations in the complaint alone were sufficient to establish nominal liability for the purpose of terminating an interest in property by a non-governmental judgment-holder); *Windward Bora LLC v. Baez*, No. 19-cv-5698, 2020 WL 4261130, at *3-4 (E.D.N.Y. Jul. 24, 2020) (Heightened pleading standard under New York [RPAPL] § 202 inapplicable to non-governmental agencies). Accordingly, the Court recommends that default judgment be entered against KASA.

B. **Damages & Remedies**

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. App'x 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis,

12

demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks to recover damages in the amount of $87,994.39, which includes: (i) the unpaid principal balance on the Note of $61,705.75; and (ii) $26,288.64 in interest from July 1, 2015 to October 20, 2021 at a rate of 6.750%, along with interest at the same rate until judgment is entered, and at the statutory rate thereafter. *See* Ohno Aff. ¶¶ 6-9. Plaintiff also moves for entry of Judgment of Foreclosure and Sale permitting it to foreclose upon and sell the Property at auction. *See* Pl. Mot.

**1. Total Amount Due on the Note and Mortgage**

   **a.** *Unpaid Principal Balance*

Pursuant to the terms of the Note and Mortgage, Chandipersaud agreed to pay Netbank a total of $66,000 in principal. *See* Compl. ¶¶ 8-9; Note § 1. The Note further provides that Plaintiff may, in the event of a default, require Chandipersaud to pay "immediately the full amount of principal which has not been paid and all the interest that [Chandipersaud] owe[s] on that amount." Note § 7(C).

In support of the instant motion, West Coast submits the Ohno Affidavit, wherein Glenn Ohno states that, at the time of Chandipersaud's default on August 1, 2015, the unpaid principal balance was $61,705.75. *See* Ohno Aff. ¶ 8. Plaintiff's allegations and the documentation submitted similarly establish that after Chandipersaud's initial default, she did not make any further payments to reduce the unpaid principal balance. *See id.* at ¶ 6; Compl. ¶ 13. Therefore, the Court

13

recommends that West Coast be awarded $61,705.75 to recover the total unpaid principal balance against Chandipersaud.

### b. *Interest*

The terms of the Note also provide that interest accrues on the outstanding principal balance at an annual rate of 6.750% both before and after default. *See* Note § 2. Plaintiff's documentary evidence establishes that Chandipersaud failed to make the payment due on August 1, 2015 and all subsequent payments. *See* Ohno Aff. ¶ 6. Applying the Note's 6.750% annual interest rate to the $61,705.75 unpaid principal balance, interest accrues at a rate of $11.41 per day. As of the date of this Report and Recommendation, Chandipersaud has failed to pay 2,557 days of accrued interest since July 1, 2015. The Court therefore recommends that West Coast be awarded $29,175.37 to recover unpaid interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $11.41 per day interest until the date on which judgment is entered. *See E. Sav. Bank, FSB v. McLaughlin*, No. 13-cv-1108, 2015 WL 5657355, at *1 (E.D.N.Y. Aug. 17, 2015) (recommending an award of *per diem* interest in an action for judgment of foreclosure and sale), *report and recommendation adopted*, No. 13-cv-1108, 2015 WL 5664454 (E.D.N.Y. Sept. 24, 2015).

In addition, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C. § 1961 (a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate

14

equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); *Builders Bank v. N. Funding, LLC*, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

### 2. Attorney's Fees

Additionally, West Coast seeks to recover an unspecified amount in attorney's fees. *See* Compl. ¶ 20(b). In a diversity action, such as the instant matter, state law governs the issue of counsel fee availability. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "[s]tate law creates the substantive right to attorney's fees"). Attorney's fees in mortgage foreclosure actions may only be recovered if they are contractually authorized, as there is no statute in New York providing for the recovery of attorney's fees in such actions. *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779, 994 N.Y.S.2d 354, 356 (2d Dep't 2014) (internal citation omitted).

Both the Note and the Mortgage entitle West Coast to recover reasonable attorney's fees in the event Chandipersaud defaults and Plaintiff files a lawsuit for foreclosure of the Property. *See* Note § 6(E); Mortgage §§ 11, 18. Notwithstanding, a contractual provision providing for attorney's fees "may only be enforced to the extent that the amount sought is reasonable and warranted for the services actually

15

rendered." *Vigo*, 121 A.D.3d at 779, 994 N.Y.S.2d at 356 (internal citation omitted). "In determining reasonable compensation for an attorney, the court must consider such factors as the time, effort and skill required; the difficulty of the questions presented; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation." *People's United Bank v. Patio Gardens III, LLC*, 143 A.D.3d 689, 691, 38 N.Y.S.3d 262, 264 (2d Dep't 2016) (internal quotation marks and citation omitted).

Here, Plaintiff does not specify the amount of attorney's fees requested, nor does West Coast provide any bills upon which the Court may rely to determine the amount sought. Accordingly, the Court recommends that Plaintiff's application for attorney's fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.

### 3. Judgment of Foreclosure and Sale and Appointment of Referee

Finally, West Coast seeks a judgment of foreclosure and sale of the Property, which also appoints a Referee to conduct the sale. *See* Pl. Mot. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A. v. Denham*, No. 14-cv-5529, 2015 WL 5562980, at *5 (E.D.N.Y. Aug. 31, 2015), *report and recommendation adopted*, No. 14-cv-5529, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015) (internal quotation marks and citation omitted). Courts routinely appoint referees to effectuate the sale of foreclosed properties. *See, e.g., PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015)

16

(awarding a judgment of foreclosure and sale under the supervision of a referee); *E. Sav. Bank, FSB v. Evancie*, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014).

Because Plaintiff has established its presumptive right to foreclose upon the Property, the Court recommends that a judgment of foreclosure be entered and that Kevin Snover, Esq., the attorney proposed by Plaintiff to serve as Referee, be appointed as Referee to effectuate the sale of the Property. In addition, the Court recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. *See Denham*, 2015 WL 5562980, at *14 (recommending a foreclosure and sale with the proceeds being applied to the outstanding amount owed on the note).

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part, and that Plaintiff be awarded against Chandipersaud damages in the amount of $90,881.12, which includes: (i) the unpaid principal balance on the Note of $61,705.75; and (ii) $29,175.37 in unpaid accrued interest from July 1, 2015 to July 1, 2022 at a rate of 6.750%, plus *per diem* interest of $11.41 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court further recommends that West Coast's request for attorney's fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation. Finally, the Court recommends that an

17

Order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale, *see* DE [13-3], but consistent with this Report and Recommendation, be entered and that Kevin Snover, Esq. be appointed Referee to effectuate the sale of the Property.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on each Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
            July 1, 2022

                                          /s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge