UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WEST COAST 2014-7, LLC,

                              Plaintiff,

    -against-

RAJKUMARIE CHANDIPERSAUD and KASA LITHUANIAN FEDERAL CREDIT UNION,

                              Defendants.
------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
21-cv-4314 (EK)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity-breach of contract and real estate foreclosure action, on referral from the Honorable Eric R. Komitee for Report and Recommendation, is Plaintiff West Coast 2014-7, LLC's ("Plaintiff" or "West Coast") Motion for Attorneys' Fees. *See* Plaintiff's Letter Motion for Leave to Renew Plaintiff's Request for Attorneys' Fees ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [20]. By way of Complaint filed on August 2, 2021, Plaintiff commenced this litigation against Defendants Rajkumarie Chandipersaud ("Chandipersaud") and KASA Lithuanian Federal Credit Union ("KASA," together with Chandipersaud, "Defendants") alleging that Chandipersaud failed to repay a note secured by the property at issue, 104 Elmont Road, Valley Stream, NY 11580 ("the Property"), and seeking to foreclose on the mortgage secured by the Property. *See* Complaint ("Compl."), DE [1].

On July 1, 2022, after Plaintiff's submission of its motion for default judgment, *see* Plaintiff's Motion for Default Judgment and Judgment of Foreclosure and Sale,

1

DE [13], this Court issued its Report and Recommendation and recommended that: (1) Plaintiff's motion be granted in part and denied in part; (2) West Coast's request for attorneys' fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation; (3) an order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale, DE [13-3], be entered; and (4) Kevin Snover, Esq. be appointed Referee to effectuate the sale of the property at issue. *See* Report and Recommendation of July 1, 2022 ("Report and Recommendation"), DE [18]. West Coast renewed its request for attorneys' fees by letter motion on July 15, 2022 and attached supporting invoices. DE [20]. On September 29, 2022, Judge Komitee adopted this Court's Report and Recommendation and referred Plaintiff's request for attorneys' fees to this Court. *See* DE [21]. Defendants did not oppose Plaintiff's request. For the reasons set forth below, the Court respectfully recommends that Plaintiff's Motion be denied without prejudice and with leave renew consistent with this Report and Recommendation.

### I.   BACKGROUND

#### A. Facts

The following facts are taken from the Report and Recommendation, as well as the Complaint, pleadings, affidavits and exhibits. Plaintiff West Coast is a California limited liability company with its principal place of business in Huntington Beach, California. *See* Compl. ¶ 2. Plaintiff's members are citizens of California and Colorado. *Id.* Defendant Chandipersaud is a New York resident and Defendant KASA is a national credit union with its principal place of business in Richmond Hill, New York. *Id.* at ¶¶ 3-4.

On or about December 23, 2004, Chandipersaud obtained a mortgage loan on the Property from Netbank ("Netbank") in the original amount of $66,000, memorialized in a note (the "Note") and secured by a mortgage (the "Mortgage") on the same date. *Id.* at ¶¶ 8-9. Both the Note and Mortgage were properly recorded with the Nassau County Clerk's Office on January 20, 2005, "whereby [Chandipersaud] promised to pay the sum of $66,000.00 plus interest on the unpaid amount due." *See* DE [13-4] at 5-19 (Mortgage), 22-24 (Note). The Mortgage was assigned multiple times as follows:

- From Netbank to U.S. Bank National Association ("U.S. Bank") on July 16, 2012;

- From U.S. Bank to West Coast Realty Services, Inc. ("West Coast Realty") on September 17, 2020;

- From West Coast Realty to West Coast Servicing, Inc. ("West Coast Servicing") on October 26, 2020;

- From West Coast Servicing to Plaintiff on June 28, 2021.

*See id.* at ¶ 10(a)-(d). Each transfer was properly recorded with the Nassau County Clerk's Office. *Id.*

According to West Coast, Chandipersaud defaulted on repayment of the Note and Mortgage because she "failed to make the Monthly Payments due on August 1, 2015 and the default continues to date." *Id.* at ¶ 13. Plaintiff subsequently mailed a notice of default to Chandipersaud at the Property, via first-class mail. *See id.* at ¶ 13. Pursuant to RPAPL § 1304, West Coast mailed a pre-foreclosure notice to Chandipersaud on or about April 1, 2021, and listed more than five housing counseling agencies with that notice. *Id.* at ¶ 14. On April 1, 2021, Plaintiff

3

electronically filed notice with the Superintendent of Financial Services as required by RPAPL § 1306(2) and confirmation number NYS5400819 was issued. *Id.*

### B. Procedural History

Based on the above, West Coast commenced this action against Defendants on August 2, 2021. *See* Compl. The Complaint – seeking declaratory, compensatory, punitive, and equitable relief – alleges that Chandipersaud failed to repay the Note secured by the Property, and that Plaintiff is entitled to foreclose on the associated mortgage. *See id.* Defendants failed, however, to timely answer or otherwise respond to the Complaint. On November 22, 2021, West Coast filed its motion for default judgment pursuant to Fed. R. Civ. P. 55, and a motion for a judgment of foreclosure and sale pursuant to RPAPL § 1351 against both Defendants. *See* DE [13]. Judge Komitee referred Plaintiff's motion to this Court for a report and recommendation as to whether the motion should be granted, and if so, to determine the appropriate remedies. *See* November 23, 2021 Electronic Order.

On July 1, 2022, this Court recommended that Plaintiff's motion for default judgment be granted in part and denied in part, and that Plaintiff be awarded damages against Chandipersaud in the amount of $90,881.12, as well as *per diem* interest of $11.41 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C. § 1961 (a). *See* DE [18]. Additionally, this Court recommended that West Coast's request for attorneys' fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation. *See id.* Lastly, this Court recommended that an order similar to Plaintiff's Proposed

4

Judgment of Foreclosure and Sale, DE [13-3], be entered and that Kevin Snover, Esq. be appointed Referee to effectuate the sale of the property at issue. *See* DE [18]. Judge Komitee adopted this Court's recommendations and granted West Coast's motion for default judgment on September 29, 2022. DE [21].

On July 15, 2022, Plaintiff sought leave from this Court to renew its request for attorneys' fees and attached supporting documentation, *see* DE [20], which Judge Komitee referred to this Court for Report and Recommendation. *See* DE [21]. On October 27, 2022, this Court ordered West Coast to submit a supplemental affidavit in support of its motion to provide contemporaneous time records reflecting the name of each attorney who worked on this matter, the date of the work, the hours expended, and the nature of the task(s) done. *See* Order dated October 27, 2022. Plaintiff did not provide such an affidavit or contemporaneous time records prior to the deadline set by the Court. For the reasons set forth below, the Court respectfully recommends denying West Coast's Motion.

## II. DISCUSSION

At the outset, the Court notes that although Plaintiff's Motion seeks an award of attorneys' fees totaling $8,823.71, the annexed documentation indicates a total of only $6,827.01 in fees.[1] *See* DE [20]. West Coast's request is comprised of fees for services billed at an hourly rate of $285 by the law firm of Margolin & Weinreb Law

---

[1] Exhibit 1 to Plaintiff's Motion includes three pages that are entirely blank and do not contain any fee information. *See* DE [20-1]. This omission is part of the reason the Court ordered a supplemental affidavit to be filed.

5

Group, LLP ("Margolin & Weinreb"), Plaintiff's prior counsel.[2]  In support of its application, West Coast submits several invoices prepared by Margolin & Weinreb and paid in full by West Coast.  *See* DE [20].  Nonetheless, for the reasons set forth below, the Court respectfully recommends that Plaintiff's Motion be denied.

In a diversity action, such as the instant case, state law governs the issue of the availability of attorneys' fees.  *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "[s]tate law creates the substantive right to attorney's fees").  Attorneys' fees in mortgage foreclosure actions may only be recovered if they are contractually authorized, as there is no statute in New York providing for the recovery of attorneys' fees in such cases.  *Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779, 994 N.Y.S.2d 354, 356 (2d Dep't 2014) (internal citation omitted).  Both the Note and the Mortgage entitle West Coast to recover reasonable attorneys' fees in the event Chandipersaud defaults and Plaintiff files a lawsuit for foreclosure of the Property.  *See* Note § 6(E); Mortgage §§ 11, 18.  Notwithstanding these terms, a contractual provision providing for attorneys' fees "may only be enforced to the extent that the amount sought is reasonable and warranted for the services actually rendered." *Vigo*, 121 A.D.3d at 779, 994 N.Y.S.2d at 356 (internal citation omitted).

To determine whether attorneys' fees are reasonable, courts calculate the "'presumptively reasonable fee'" by multiplying the reasonable hourly rate for each attorney by the reasonable number of hours expended.  *Div. 1181 Amalgamated*

---

[2] On April 5, 2022, Richland & Falkowski, PLLC was substituted in as Plaintiff's counsel.  *See* Order dated April 5, 2022.

6

*Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 617 (E.D.N.Y. 2017) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Broadly speaking, when considering what is "reasonable," courts consider "the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Centro de la Comunidad Hispana de Locust Val. v. Town of Oyster Bay*, No. 10-cv-2262, 2019 WL 2870721, at *4 (E.D.N.Y. Jun. 18, 2019), *report and recommendation adopted*, 2019 WL 2869150 (E.D.N.Y. Jul. 3, 2019) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2007)). Under the "forum rule," the reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community…where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111, 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015). *See also Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011). To determine this amount, courts consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

7

*ComLab, Corp. v. Kal Tire*, No. 17-cv-1907, 2019 WL 2144307, at *4 (S.D.N.Y. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2137135 (S.D.N.Y. May 16, 2019) (citations omitted). Separate findings for each factor, however, are unnecessary. *See Montefiore Med. Ctr. v. Local 272 Welfare Fund*, No. 09-cv-3096, 2019 WL 4565099, at *5 (S.D.N.Y. Sep. 19, 2019) (citation omitted). Rather, the factors should be considered together and no one factor is dispositive. *See id.* (citing *C.B. v. New York City Dep't of Educ.*, No. 18-cv-7337, 2019 WL 3162177, at *5 (S.D.N.Y. Jul. 2, 2019)). Further, the fee applicant bears the burden of establishing that the hourly rate requested is reasonable, including by providing information regarding each attorney's background, qualifications, and relevant experience. *Martinez v. City of New York*, 330 F.R.D. 60, 66-67 (E.D.N.Y. 2019); *see also Centro de la Comunidad Hispana de Locust Val.*, 2019 WL 2870721, at *4 (considering attorneys' background and qualifications before finding hourly rates to be reasonable).

Next, the Court considers whether the number of hours expended by counsel is reasonable. The Court relies on its experience with the present case, and its "experience with the practice of law, to assess the reasonableness of the hours spent[.]" *See Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund*, 270 F. Supp. 3d at 619 (internal quotation marks and citations omitted). In conducting its analysis, the Court may "adjust those portions of an invoice that reflect excessive, redundant or otherwise unnecessary hours." *See Bank of Am. v. Viders*, No. 10-cv-0025, 2011 WL 4527419, at *3 (E.D.N.Y. Jul. 26, 2011), *report and*

8

*recommendation adopted sub nom. Bank of Am., Nat. Ass'n v. Viders*, 2011 WL 4440357 (E.D.N.Y. Sept. 23, 2011) (internal quotation marks and citation omitted); *see also Montefiore Med. Ctr.*, 2019 WL 4565099, at *5 ("Any hours that were not reasonably expended should be excluded.") (internal quotation marks and citations omitted). A party seeking an award of attorneys' fees must document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *E. Sav. Bank, FSB*, 2014 WL 923151, at *14 (internal quotation marks and citations omitted).

Here, Plaintiff seeks an award based on the hourly rate of $285 for work performed Margolin & Weinreb from August 20, 2020 to February 25, 2022. *See* DE [20-1]. Three of the eleven invoices submitted do not indicate the identity of the attorney that performed the described work, however. *See id.* The remaining invoices identify the "Fee Earner" associated with the work performed only as either "AK" or "CN," without identifying who these individuals are, or even if they are attorneys. *Id.* West Coast provides no explanation as to each "Fee Earner's" background, qualifications, or similar cases litigated. The invoices reflect a total of 18.4 hours' worth of work, including 1.1 hours of work performed by "CN" and 12.3 hours of work performed by "AK." *See id.* The remaining five hours of work are not attributed to any individual.

Upon the Court's review of Plaintiff's submissions, the number of hours billed for this matter appears reasonable. Nevertheless, without further details regarding

9

the identity, background, qualifications and experience of the attorneys that performed the described work, the Court cannot ascertain whether the proposed hourly rate is reasonable. Moreover, West Coast failed to provide the Court with a supplemental affidavit or complete contemporaneous time records to explain these deficiencies, despite having been ordered to do so. *See* Order dated October 27, 2022. Accordingly, the Court respectfully recommends that Plaintiff's Motion be denied.

### III.   CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion be denied without prejudice and with leave renew consistent with this Report and Recommendation.

### IV.   OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on each Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified period waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
             November 28, 2022

                                          <u>/s/ Steven I. Locke</u>
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge